NO. 07-04-0077-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

JULY 7, 2010

 

______________________________

 

 

DALE SUE JONES AND STANLEY RAY JONES, APPELLANTS

 

V.

 

TED SCOTT, M.D., APPELLEE

 

 

_________________________________

 

FROM THE 72ND DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO.2001-513;918; HONORABLE J.
BLAIR CHERRY, JR., JUDGE[1]

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ORDER

            This case has a long and
contorted procedural history encompassing two pro se plaintiffs, seven defendants, several interrelated legal
theories, numerous claims of damages, four bankruptcies, three opinions written
in two separate appeals, two abatements, two reinstatements, and, at least, one
critically significant death.  This legal
saga began on May 16, 2001, when Appellants, Dale Sue Jones and her husband,
Stanley Ray Jones, residents of Oklahoma, proceeding pro se, filed Plaintiffs' Original Petition, alleging a
health care liability claim related to a weight loss procedure against seven
defendants: Ted Scott, M.D., Sandra Dickerson, M.D., Chanda
Dihania, M.D., Rolf Gorhamer,
Susan Bickel, Covenant Health Systems, and New Reflections in Lubbock, Texas.  Based upon their negligence cause of action, Dale
Sue sought the recovery of damages for her physical pain, suffering, mental
anguish, loss of earnings, consortium and household services, and costs of
future medical monitoring and prevention, while Stanley sought recovery of
damages for his loss of consortium and mental anguish. On November 13, 2001,
Appellants filed their Voluntary Nonsuit,
dismissing all claims and causes of action as to Dickerson, Dihenia,[2] Gordhamer, Bickel, and Covenant Health Systems.  Thereafter, the only remaining defendants
were Dr. Scott and New Reflections.  

            Claims
Against Dr. Scott

            Trial of Appellants' claims against
Dr. Scott was originally stayed when Dr. Scott filed a Chapter 7 bankruptcy in
the United States Bankruptcy Court, Northern Division of Texas, on July 2,
2003, in Cause No. 03-50775.  That stay
was, however, lifted by an order of the Bankruptcy Court entered on September
2, 2003, specifically allowing Appellants to continue their cause of action in
the trial court.  On November 10, 2003, Appellants
filed their Amendment to Petition,
adding DTPA claims against Dr. Scott.  Trial
was scheduled to commence on November 17, 2003. 
On that day, by teleconference, Stanley made an oral motion for
continuance contending that Dale Sue was hospitalized in Oklahoma.  The trial court denied the motion but delayed
the trial for six hours to allow Appellants to travel to Lubbock.  When Stanley arrived in court without Dale
Sue, opposing counsel argued that Stanley could not represent Dale Sue because
he was not a licensed attorney.  The
trial court agreed and announced that "Mrs. Jones' claim against Dr. Scott
will be dismissed for want of prosecution."   An order memorializing the trial court's
ruling against Dale Sue was entered.  Trial proceeded as to Stanley's claims.  After voir dire was conducted and a jury
seated, the trial was recessed until the following day.  The next morning, Stanley did not
appear.  He subsequently advised the
trial court by phone that he had returned to Oklahoma City and would not
appear.  In light of the circumstances,
Dr. Scott requested, and was granted, a directed verdict as to all remaining
claims and causes of action.  The trial
court entered a final judgment against Stanley which was signed on November 18,
2003.  Appellants filed a Motion for New Trial on December 8,
2003, which was eventually overruled by operation of law.  On February 20, 2004, Appellants timely perfected
this appeal to challenge the final judgment as to Stanley and the order dismissing
Dale Sue's claims for want of prosecution.   


            Claims Against New Reflections

            On May 30, 2002, Appellants filed
their Amendment to Petition, adding
DTPA claims against New Reflections.  On
December 13, 2002, as to New Reflections, the trial court dismissed Appellants'
health care liability claims, for failure to file an expert report meeting the
requirements of Section 13.01(d) of former article 4590i.[3]  On December 17, 2002, Appellants attempted to
appeal that dismissal.  By an opinion
dated June 17, 2003, in Cause No. 07-03-0043-CV, this Court dismissed that
appeal for want of jurisdiction based on the fact that the order being appealed
did not dispose of all claims and causes of action against all parties and was,
therefore, not a final appealable order. 
See Jones v. Scott, No.
07-03-0043-CV, 2003 Tex.App. LEXIS 5168 (Tex.App.--Amarillo,
June 17, 2003, no pet.).  On
November 6, 2003, the trial court disposed of the remaining claims against New
Reflections when it granted summary judgment in favor of New Reflections as to
the Appellants' DTPA claims.  Because
that order disposed of all remaining claims against New Reflections, the subsequently
entered orders pertaining to Appellants' claims against Dr. Scott caused all
orders to become final and appealable.  Appellants
did not, however, give notice of appeal as to their claims against New
Reflections, and based upon the notice of appeal filed in this cause, they are
not appealing the trial court's disposition of their claims against New
Reflections.[4]

            Stanley's Bankruptcy

            On
November 19, 2004, after the appellate record was filed and extensions were
granted in which to file Appellants' brief, Notice of Bankruptcy was filed in
this Court reflecting that Stanley had filed for bankruptcy protection in the
United States Bankruptcy Court, Western District of Oklahoma, on August 12,
2004, in Case No. 04-18791 NLJ.  On
December 3, 2004, this Court entered a Notice of Bankruptcy abating the appeal
pursuant to Rule 8.2 of the Texas Rules of Appellate Procedure.  See
Jones v. Scott, No. 07-04-0077-CV, 2004 Tex.App. LEXIS
10964 (Tex.App.--Amarillo Dec. 3, 2004, no pet.).  

On January 14, 2005, Dr. Scott filed a Motion to Reinstate
pursuant to Rule 8.3(a) with supporting exhibits showing that Stanley's
bankruptcy had been dismissed with prejudice on December 17, 2004.  The appeal was reinstated by this Court on
January 27, 2005, with a briefing schedule. 


Dale Sue's Bankruptcy 

On March 2, 2005, Notice of Bankruptcy was filed in this
Court reflecting that Dale Sue had filed a Chapter 13 Plan in the United States
Bankruptcy Court, Western District of Oklahoma, on February 9, 2005, in Case No.
05-11191 NLJ.  On March 7, 2005, this
Court again entered a Notice of Bankruptcy abating the appeal pursuant to Rule
8.2 of the Texas Rules of Appellate Procedure. 
See Jones v. Scott, No.
07-04-0077-CV, 2005 Tex.App. LEXIS 1775 (Tex.App.--Amarillo
March 7, 2005, no pet.).  On March
10, 2006, the United States Bankruptcy Court for the Western District of
Oklahoma entered an Order of Dismissal
with respect to Case No. 05-11191 NLJ; however, this Court did not reinstate
the appeal, pending receipt of a certified copy of that order.

 Before this appeal
could be reinstated, Dale Sue filed a second Notice of Bankruptcy reflecting
that she had filed a second Chapter 13 bankruptcy in the United States
Bankruptcy Court, Western District of Oklahoma, on May 18, 2006, in Case No.
06-11087 NLJ.  Due to the abated status
of the appeal, no action was taken by this Court.  

In January 2010, the Clerk of this Court made inquiry into
the status of the bankruptcy proceeding and discovered that Dale Sue's
bankruptcy in Case No. 06-11087 NLJ had been discharged on November 14,
2007.  By letter dated January 7, 2010, all
parties were advised that the appeal had been reinstated and that Appellants'
brief was due not later than February 8, 2010. 
  

Dale Sue's Certificate
of Death

On February 9, 2010, Stanley provided a Death Certificate reflecting
that Dale Sue had passed away a year earlier on February 8, 2009.  If a party to a civil case dies after the
trial court renders judgment but before the case has been finally disposed of
on appeal, the appellate court may proceed to adjudicate the appeal as if all
parties were alive.  Tex.
R. App. P. 7.1(a).  The appellate
court is, however, obligated to determine, sua
sponte, that an appellant is legally and properly represented because an
estate may appear and be represented only by a licensed attorney.  See 7
Tex. Jur.3d Attorneys At Law § 111
(2006).   See also In re Murphy, 2009 Tex.App.
LEXIS 3934, at *14-15 (Tex.App.--Houston [14th Dist.] March 5, 2009, no pet.) (holding
that only a licensed attorney may represent the interests of third-party
individuals or entities). 

Dr. Scott's Motion to
Dismiss for Failure to Prosecute

On June 3, 2010, Dr. Scott filed a Motion to Dismiss for
Failure to Prosecute.  On June 18, 2010,
Stanley filed a response thereto, purportedly on behalf of both himself and
"as next of kin to Dale Sue Jones, deceased."   Because Dr. Scott's motion was overruled by
letter dated June 24, 2010, we need not address the status of Dale Sue's legal
representation as it pertains to Dr. Scott’s Motion to Dismiss.

Appellants' Brief and
Dale Sue's Legal Representation

On May 3, 2010, Stanley filed Appellants' Brief in Chief which again purports to be filed on
behalf of both himself and Dale Sue. 
Because Stanley is an unlicensed layperson, unauthorized to represent
the interest of another party, by Order of this Court, Appellants' Brief in Chief is stricken as it relates to any issues
being prosecuted on appeal on behalf of Dale Sue Jones and / or her estate.    

Because Dale Sue Jones is deceased, this Court finds that a
licensed attorney is required to represent the interests of her estate in this
appeal.  Therefore, persons interested in
the estate of Dale Sue Jones are hereby granted the time herein provided to
engage legal counsel to represent the interests of her estate. Once engaged, new
lead counsel may be designated in this Court by filing a notice of
representation stating counsel's name, mailing address, telephone number, fax
number, if any, and State Bar of Texas identification number.  See Tex.
R. App. P. 6.1(c).  The notice of
representation must be filed in this Court on or before September 3, 2010.  Failure to timely file a notice of
representation in compliance with this Court’s directive will result in
dismissal of that portion of the appeal as to Dale Sue Jones's issues pursuant
to Rule 42.3(b) and (c) of the Texas Rules of Appellate Procedure.

Additionally, a brief presenting the merits of Dale Sue
Jones's claims in substantial compliance with Rule 38.1 of the Texas Rules of
Appellate Procedure is due to be filed in this Court on or before October 4,
2010.  Failure to file a brief on her
behalf will also result in dismissal of that portion of the appeal as to Dale
Sue Jones's issues pursuant to Rule 38.8(a)(1) of the
Texas Rules of Appellate Procedure.

By Order of the Court, Appellee, Ted Scott, M.D., is sua sponte granted an extension of time
in which to file his brief until thirty days after Dale Sue Jones's brief is
filed.  If an attorney does not enter an
appearance on behalf of the estate of Dale Sue Jones, or if Dale Sue's brief is
not filed within the time allotted herein, Appellee's brief shall be due on or
before November 3, 2010.

It is so ordered.

                                                                                                Per Curiam

 











[1]Hon.
Richard Dambold, (Ret.), sitting
by assignment.  Tex. Gov=t
Code Ann. '75.002(a)(3)
(Vernon 2005).

 





[2]Plaintiffs'
Original Petition named Chanda Dihania,
as a defendant; whereas, Plaintiffs' Voluntary Nonsuit
named Chanda Dihenia, as a
defendant.  For purposes of this appeal,
we will assume that the spelling difference is merely a misnomer.  

 





[3]Repealed
by Act of June 2, 2003, 78th Leg., R.S., ch.
204, § 10.09, 2003 Tex. Gen. Laws 847, 884, now codified at Tex. Civ. Prac. & Rem. Code Ann. § 74.351
(Vernon Supp. 2009).

 





[4]The
Notice of Intent to Appeal filed
February 20, 2004, specifically states the intent of Appellants to appeal the
November 18, 2003, Order Dismissing
Plaintiff Dale Sue Jones' Claims for Want of Prosecution and the November
20 2003, Final Judgment as to
Plaintiff Stanley Ray Jones.  New
Reflections is, therefore, not a party to this proceeding.